# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| MARK VIAU,<br><br>      Plaintiff,<br><br>      v.<br><br>MONTAGE HOTELS & RESORTS,<br>LLC, MONTAGE DEER VALLEY,<br><br>      Defendants. | **MEMORANDUM DECISION<br>& ORDER DENYING<br>MOTION TO REMAND**<br><br>**Case No. 2:12CV923DAK**<br><br>**Judge Dale A. Kimball** |

This matter is before the court on Plaintiff Mark Viau's Motion to Remand, filed on October 31, 2012. The motion is fully briefed, and the court concludes that oral argument would not significantly aid in the court's determination of the motion. Accordingly, the court enters the following Memorandum Decision and Order based on the memoranda submitted by the parties and the facts and law relevant to the motion.

## BACKGROUND

Plaintiff filed this action against Defendant Montage Hotel & Resorts, LLC ("Montage") in Utah State Court, Third District Court, on September 4, 2012. On September 5, 2012, Plaintiff served Montage's registered agent with his Summons and Complaint. On September 27, 2012, Plaintiff filed for default in state court because no answer had been filed and the twenty day period to answer had expired. The state court clerk signed a default certificate on the same day.

On October 1, 2012, 26 days after service, Montage filed a Notice of Removal from the

state court based upon federal question jurisdiction under 28 U.S.C. § 1331.  The next day,

Montage filed its Answer in this court.

## DISCUSSION

Plaintiff moves this court to remand the case to state court, arguing that Defendants failed

to satisfy the procedural requirements for removal. Montage asserts that its removal of the case to

this court followed proper procedure because Rule 12(a) of the Utah Rules of Civil Procedure

states that a defendant served within the State of Utah has 20 days to answer a complaint

"[u]nless otherwise provided by statute."  The federal removal statute, 28 U.S.C. § 1446(b)(1),

provides that a defendant may file a Notice of Removal "within 30 days after the service of

summons upon the defendant."  "After removal . . . [a] defendant who did not answer before

removal must answer . . . within the longest of these periods" : (A) 21 days after receiving,

through service or otherwise, a copy of the complaint; (B) 21 days after being served with the

summons; or (C) 7 days after the notice of removal is filed.  Fed. R. Civ. P. 81(c)(2).  Therefore,

Montage asserts that because a federal statute and rule allow for removal of the within 30 days

and the filing of an Answer within seven days after removal, Rule 12(a) of the Utah Rules of

Civil Procedure allows that time period as well.

Montage clearly complied with the timing requirements in the federal removal statute and

rules.  Therefore, the court finds no grounds for remand to state court.  The federal statutes and

rules cannot be read to preclude removal merely because a party has moved for default in the

state court.  This court routinely gets cases removed when temporary restraining proceedings are

ongoing in state court.  As Plaintiff recognizes, the general practice is that this court takes the

case as it finds it on removal.  Montage properly attached to its Notice of Removal the pleadings

2

served upon it and a copy of the state court docket indicating all activity in the state court case as of the date of removal.

The parties appear to dispute, however, whether entry of default in the state court was proper.  Montage's asserts that it had additional time to answer because Rule 12(a) makes an exception for other statutory time periods and the federal removal statute and rules contemplate a longer period for filing an answer.  Plaintiff, however, contends that the deadline for filing an answer was 20 days, the state court clerk entered default, and this court must take the case as it finds it.

Even if this court accepts Plaintiff's position, the court notes that there was only an entry of default in state court, not default judgment.  Both state and federal procedural rules allow an entry of default to be set aside for good cause whereas default judgment may only be set aside under Rule 60(b).  *See* Fed. R. Civ. P. 55(c); Utah R. Civ. P. 55(c). Without deciding whether Montage's reading of the applicable rules and statute is correct, it is a plausible reading of the applicable law and is sufficient good cause for setting aside the entry of default.  Moreover, there is a general preference to hear cases on their merits.  Accordingly, Plaintiff's motion to remand is denied and the entry of default is set aside.

## CONCLUSION

Based on the above reasoning, Plaintiff's Motion to Remand is DENIED and the state court entry of default is set aside.

DATED this 6th day of December, 2012.

DALE A. KIMBALL
United States District Judge

3